# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-01458 JGB (SPx)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | *Greg Ward v. Alfredo Hernandez et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Minute Order REMANDING Action to California Superior Court for the County of Riverside (IN CHAMBERS)**

## I. BACKGROUND

On January 2, 2013, Plaintiff Greg Ward ("Ward" or "Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Alfredo and Alicia Hernandez ("Defendants") and fictitious defendants in the California Superior Court for the County of Riverside. Greg Ward v. Alfredo Hernandez et al., 13-cv-00383 JGB (SPx) (C.D. Cal. Mar. 1, 2013), Doc. No. 1, Ex. B. (Not. of Removal, Doc. No. 1, Exh. A.) On March 1, 2013, Defendants removed the action to this Court. Id. (Doc. No. 1.) On July 26, 2013, this Court remanded the case back to Superior Court for the County of Riverside. Id. (Doc. No. 5) (finding that the court lacked subject matter jurisdiction on the basis of federal question, diversity, or civil rights removal jurisdiction).

On August 16, 2013, Defendants again removed the same unlawful detainer action back to this Court, asserting identical bases for removal. (Not. of Removal, Doc. No. 1.) On October 9, 2013, Plaintiff filed a motion to remand. (Doc. No. 7.) For the same reasons identified in the Court's prior order remanding this action, the Court does not have subject matter jurisdiction over this case.

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has

the burden of establishing that removal is proper." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); <u>see also</u> <u>In re Ford Motor Co./Citibank</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

Defendants allege removal is proper on the basis of civil rights under 28 U.S.C. § 1443, on the basis of diversity under 28 U.S.C. § 1332, and on the basis of a federal question under 28 U.S.C. § 1331.  None of these bases serve as a proper ground for removal of this action. This is Defendants' second attempt to remove the same unlawful detainer action involving the same property based on the same allegation as the first attempt.  Parties may not remove an action two or more times on the same basis.  <u>Seedman v. U.S. Dist. Court for Cent. Dist. of Calif.</u>, 837 F.2d 413, 414 (9th Cir. 1988) (holding a district court lacked jurisdiction where a defendant's second removal petition was based on the same ground as the prior removal); <u>Homestead Ins. Co., Inc. v. Casden</u>, 234 Fed. Appx. 434 (9th Cir. 2007) (same).  For the reasons outlined below, the Court lacks subject matter jurisdiction over this unlawful detainer action.

**A.     Civil Rights Removal**

Defendants cite 28 U.S.C. § 1443 in support of removal.  Section 1443(1) provides for the removal of any civil or criminal case commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U .S.C. § 1443(1).  Removal under § 1443(1) requires defendants to satisfy a two-part test: (1) defendants "must assert, as a defense to the prosecution, rights that are given to [the defendants] by explicit statutory enactment protecting equal racial civil rights;" and (2) defendants "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (internal citation omitted).  Defendants fail to meet both prongs of the test.

A removal notice under § 1443(2) is proper only by federal officers or persons assisting such officers in performing their duties under federal civil rights laws.  <u>City of Greenwood, Miss. v. Peacock</u>, 384 U.S. 808, 828 (1966).  Defendants do not seem to assert that removal is proper under § 1443(2).  Consequently, the Court addresses removal under only subsection (1).

To satisfy the first element of § 1443(1) removal, Defendants argue that Plaintiff violated their Fourth Amendment protections against unreasonable search and seizure by proceeding with the unlawful detainer action.  (Not. of Removal at 6-7, Doc. No. 1.)  Defendants also argue that

Plaintiff failed to state a cause of action for unlawful detainer because Plaintiff did not allege a landlord-tenant relationship.  (Id. at 6.)

In State of Georgia v. Rachel, 384 U.S. 780 (1966), the Supreme Court held "that the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality.  Thus, Defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."  Id. at 792.  Similarly, here, Defendants' reliance on alleged constitutional violations under the Fourth Amendment cannot support a claim for removal under § 1443 because the Fourth Amendment is generally applicable and not specifically stated in terms of racial equality.  See HSBC Bank USA v. Cabal, No. 10-1621, 2010 WL 3769092, at *3 (S.D. Cal. Sept. 21, 2010) ("Defendant's Fifth and Fourteenth Amendment claims do not assert claims under laws providing for specific civil rights stated in terms of racial equality because they are generally applicable.").  Thus, Defendants have failed to satisfy the first prong for removal under § 1443.

The second element of Section 1443 removal requires that a petition for removal must allege, "not merely that rights of equality would be denied or could not be enforced, but that the denial would take place in the courts of the State[, and that] . . . the denial [must] be manifest in a formal expression of state law."  Rachel, 384 U.S. at 803.  Therefore, a litigant "must assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  People of State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).

Defendants argue that their rights would not be enforced in state court because the Complaint is insufficient as a matter of law.  (Not. of Removal at 6, Doc. No. 1.)  This bare assertion is insufficient to invoke the Court's jurisdiction under § 1443 because Defendants have failed to identify any specific state statute or constitutional provision that commands the state courts to ignore their federal rights.  See Wells Fargo Bank Nat. Ass'n v. Vann, No. 13-01148, 2013 WL 1856711 (N.D. Cal. May 2, 2013) (finding that removal was improper under § 1443 where defendant alleged that the "unlawful detainer complaint process itself denies homeowners . . . due process rights to unlimited jurisdiction cross complaint and discovery after sale"); HSBC Bank USA v. Kubik, No. 13-1692, 2013 WL 1694670, at *3 (C.D. Cal. Apr. 16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution.").  Moreover, the allegations Defendants do make regarding the propriety of civil rights removal are entirely conclusory in nature.  Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis.  See Bogart v. California, 355 F.2d 377, 380-81 (9th Cir. 1966).  Consequently, removal is not proper under § 1443.

## B.      Diversity Jurisdiction

Alternatively, Defendants appear to allege that the basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states.  28 U.S.C. § 1332(a).  Defendants do not allege the citizenship of the parties.

Jurisdiction, including the amount in controversy, is determined at the moment of removal.  See Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount other than that pled in the complaint.  Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 354 (1961); Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007).  In his Complaint, Plaintiff alleges that his damages do not exceed $10,000, and he filed the action as a limited civil case.  (Not. of Removal, Ex. A., Doc No. 1.)  See Cal. Code Civ. Proc. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases).  Consequently, it is clear that the amount in controversy does not exceed $75,000,[1] and the Court lacks diversity jurisdiction to hear the action.

## C.      Federal Question

Defendants claim that federal question jurisdiction exists because "this claim turns on federal matters."  (Not. of Removal at 2, Doc. No. 1.)  In order for removal to be proper, Defendants must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006).  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).)  Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law.  Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite

---

[1]In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property.  Federal Nat. Mortg. Ass'n v. Lemon, No. 11–03948, 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself").

three-day notice to quit to Defendant was served as required by California Code of Civil Procedure § 1161a.  <u>Evans v. Superior Court</u>, 67 Cal. App. 3d 162, 168 (1977).  Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendants have not shown the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

## IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court.  <u>See In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

The Court cautions Defendants that if they remove the unlawful detainer action to this Court again without alleging a proper basis for jurisdiction, Defendants may be subject to sanctions.  <u>See, e.g.</u>, <u>Quantum Servicing Corp. v. Castaneda</u>, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); <u>SD Coastline v. Reyes</u>, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (S.D. Cal. Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions.").

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**